Gilbert A. HOVEY, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 01–3008.

United States Court of Appeals,
Federal Circuit.

April 25, 2001.

Rehearing Denied June 19, 2001.

Before MICHEL, GAJARSA, and DYK,
Circuit Judges.

PER CURIAM.

This is a federal retirement case. Gilbert Hovey petitions for review of the July 27, 2000 decision of the Merit Systems Protection Board ("Board"), which became final on August 31, 2000, affirming the decision of the Office of Personnel Management ("OPM") to deny Hovey's request for dual credit for his military service in computing his civil service retirement pay. Because we conclude that Hovey waived entitlement to his military retirement pay, we *affirm*.

The pertinent facts are undisputed. The appellant served three separate periods of active duty in the United States Army: (1) from April 25, 1958 through March 28, 1961; (2) from November 7, 1973 through February 19, 1976; and (3) from February 20, 1976 through July 21, 1981. His final period of military service ended in a retirement due to a non-combat incurred physical disability. On April 13, 1983, he was placed on a permanent physical disability retired list, with a 40% disability, and he began receiving retirement pay from the Department of the Army.

On October 13, 1985, Hovey began his federal civil service career with the Internal Revenue Service, under the Civil Service Retirement System ("CSRS"). On January 1, 1987, he was transferred to the Federal Employees' Retirement System ("FERS"). After continuing to work for the federal government in a number of capacities, Hovey retired on March 31, 1998. When he retired, he was 58 years, nine months old, with 12 years and seven months of civilian service. His age and length of civilian service were insufficient to entitle Hovey to a FERS retirement annuity, absent an election by Hovey to credit his military service to his civilian service. On March 19, 1998, Hovey filed an Application for Immediate Retirement under FERS with OPM, indicating that he

was receiving military retirement pay, and did not wish to waive this entitlement. After learning that OPM would not credit his military service to his civilian service absent a waiver of his entitlement to the military retirement pay, Hovey sent the Defense Financing and Accounting Center a letter on June 1, 1999, acknowledging that "OPM is forcing me to waive my perentage [sic] of disability military retirement annuity." He stated:

This letter is being sent to authorize the discontinuance of my military annuity payment. Please do so with all possible speed and advise a Mr. Rogers at the OPM FERS retirement office, fax (202) 606-0095 that I have waived this pay. This is being done to receive a liveable retirement from the U.S. Government for my years of service.

Though I strongly disagree with their interpretation of the statute, I do agree to waive receipt of this disability pay. This waiver is to be retroactive to April 1, 1998.

Subsequently, OPM recomputed Hovey's FERS annuity retroactive to April 1, 1998, and included all of his military service in his FERS annuity computation.

Hovey challenged OPM's determination that he could not, upon retirement, be entitled to simultaneous receipt of a military pension and FERS service credit for military service. On January 21, 2000, OPM issued a final decision, addressing the merits of Hovey's request, and denying his request for dual credit for his military service. On July 27, 2000, the Board affirmed.

We note that, in his June 1, 1999 letter, Hovey expressly waived his right to obtain dual credit for his military service. The letter shows that Hovey was fully aware of the consequences of his waiver. In his challenge to OPM, he seeks to recover precisely the same benefits that he waived

in his June 1, 1999 letter. Hovey cannot knowingly relinquish his entitlement to military retirement pay, and subsequently challenge OPM to regain these same benefits. Had Hovey chosen not to waive entitlement to his military pay, he could have challenged OPM's refusal to credit his civilian service with his military service. However, because he waived his entitlement to military retirement pay, we conclude that he is not entitled to relief. Accordingly, we affirm.